CHARLES M. MURDEN *vs.* THE COMMISSIONERS OF LEWES, INCOR-
PORATED.

1.  MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—REMOVAL.

If the mayor of an incorporated town had authority to give the owner of a houseboat permission to place it within the limits of a public street or highway, he and the commissioners also had power and authority to revoke such license; but if the permission was given and had not been revoked, the town authorities had no legal right to remove the houseboat from the place where it was located.

2.  EVIDENCE—PAROL EVIDENCE—RECEIPTS.

A receipt for the payment of a tax to the commissioners of a town with any indorsement thereon might be explained.

3.  NUISANCE—"PUBLIC NUISANCE"—THINGS CONSTITUTING.

A "nuisance" may be anything which essentially interferes with the enjoyment of life or property, and a nuisance is "public" when it affects the rights to which every citizen is entitled.

4.  MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS AS NUISANCES.

Avenues, streets and highways are generally designed for and devoted to the public use for travel and transportation, and the whole public have the right to their use in their entirety, and any unlawful tangible obstruction which interferes with its use for the purposes of public travel and transportation is a public nuisance.

5.  MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS AS NUISANCES.

The public have the right generally to go upon and use any part of a public highway, and the mere fact that an obstruction is not upon the part of the highway usually used for travel will not relieve the obstruction from being a public nuisance.

6.  MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—REMOVAL.

If a houseboat stood on a public highway or avenue of an incorporated town and was a public nuisance, the owner should have removed it and abated the nuisance if notified by the town commissioners to do so, and upon his refusal or failure to remove it, the town commissioners had the right in law to abate the nuisance by summarily removing the obstruction in a reasonable and careful manner.

7.  MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—REMOVAL.

If a houseboat was not upon a public street or thoroughfare of an incorporated town, but upon the beach or strand between the thoroughfare and the water, it was not such a public nuisance as the town authorities had a right to summarily remove.

8.  MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—REMOVAL.

While if a houseboat was located on a public street or highway of a town and was a public nuisance, the town authorities had the right to summarily abate the nuisance, it was incumbent upon them in doing so to exercise reasonable care and avoid doing unnecessary damage to the property of the owner, and for any unnecessary damage they were liable.

9.  MUNICIPAL CORPORATIONS—ABATEMENT OF NUISANCE—AUTHORITY.

An incorporated town's authority, conferred on it by the Legislature, to prevent and abate nuisances, would not justify an abatement of a thing as a nuisance which in fact was not one.

10.—DAMAGES—PERSONAL INJURIES—DAMAGES RECOVERABLE.

Where the authorities of a town, claiming that plaintiff's houseboat was in a public street and was a nuisance, dragged it along the beach and pushed it off into the water, plaintiff, if entitled to recover at all for personal injuries, was entitled to such sum as would reasonably compensate him for any pain and suffering, resulting from the removal of the houseboat and for any expenditures of money by him for medicine and medical treatment for such injuries.

11.  DAMAGES—PLEADING—VARIANCE—INJURIES TO THE PERSON.

A plaintiff suing for personal injuries could not recover, unless he was injured and injured in the manner alleged in his declaration.

12.  EVIDENCE—DEGREE OF PROOF REQUIRED.

In an action for trespass the verdict should be for that party in whose favor the evidence preponderates.

(*October* 21, 1915.)

Judges BOYCE and RICE sitting.

*Robert G. Houston* and *Charles W. Cullen* for plaintiff.

*Daniel J. Layton, Jr.*, for defendant.

Superior Court, Sussex County, October Term, 1915.

ACTION OF TRESPASS *vi et armis*, No. 11, October Term, 1912.

Action by Charles M. Murden against the Commissioners of Lewes, Incorporated, to recover for damages to plaintiff's houseboat and also for damages to certain personal property therein, as well as personal injuries to himself, alleged to have been occasioned by the defendant in dragging along the beach and pushing off into the water, the plaintiff's houseboat, from the position where it stood on the Lewes beach.

The facts and contentions of the parties appear in the charge of the court.  Motion for binding instructions in favor of plaintiff refused.  Verdict for defendant.

4

RICE, J., charging the jury:

Charles M. Murden, the plaintiff in this action, seeks to recover damages from the Commissioners of Lewes, Incorporated, the defendant, for damages to his houseboat and loss and damage to personal property in it, as well as personal injury to himself, alleged to have been occasioned by the defendant corporation in dragging along the beach and pushing off into the water, the plaintiff's houseboat, from the position where it stood on the beach or strand.

The defendant admits that by its servants it moved the houseboat and pushed it off the beach into the water, but it contends that the removal was done with legal justification and in a careful manner. The Commissioners of Lewes claim that they had full authority over and legal power to prevent and abate obstructions on Bay Avenue; that the houseboat where it stood was located on Bay Avenue and was a public nuisance; that the commissioners notified and directed plaintiff to remove the houseboat from the "avenue"; that the plaintiff failed, neglected or refused to do so within the time specified in the notice, whereupon the town authorities had the houseboat removed.

The plaintiff denies the claims of the defendant and contends on his part that the houseboat did not stand on a public street or highway in the Town of Lewes and that it was not a public nuisance. Also if it was a public nuisance the town authorities did not have the right in law to summarily remove the house-boat.

[1] The plaintiff further claims that the Mayor of Lewes gave him permission to place his houseboat where it stood, but we say to you that if the mayor did have the authority to give the plaintiff such permission, he and the commissioners also had the power and authority to revoke such license. But if permission was given and not revoked at the time of removal, the town authorities did not have the legal right to remove the houseboat.

[2] The receipt for the payment of a tax to the town commissioners, which is in evidence, with any endorsement thereon may be explained, and it is for you to say, under the evidence, whether the tax paid was paid on the boat, or upon the land upon which it rested, or was paid as a capitation or head tax.

The gist of the defense is that the plaintiff was, at the time of the removal of the houseboat, guilty of maintaining a public nuisance, by obstructing a public highway or avenue.

Therefore, it is for you to consider in determining this case whether the houseboat was located on a public highway within the Town of Lewes, and if it was located on a public highway was the houseboat such an obstruction as to make it a public nuisance.

[3] A nuisance may be anything which essentially interferes with the enjoyment of life or property and a nuisance is public when it affects the rights to which every citizen is entitled.

[4] Avenues, streets and highways generally are designed for, and devoted to the public use for travel and transportation, and the whole public have the right to their use in their entirety, and any unlawful, tangible obstruction which interferes with its use for the purposes of public travel and transportation is a public nuisance.

[5] The public have the right generally to go upon and use any part of a public highway and the mere fact that an obstruction is not upon the part of the highway usually used for travel would not relieve the obstruction from being a public nuisance.

[6] If from the evidence you should find that the plaintiff's houseboat stood on a public highway or avenue of the Town of Lewes, and that it was at the time of removal, a public nuisance, then we will say to you that under such a finding the plaintiff should have removed the houseboat and abated the nuisance, if notified by the town commissioners to do so, and upon his refusal or failure to remove it, the commissioners had the right in law to abate the nuisance by summarily removing the obstruction in a reasonable and careful manner.

[7] But if you should find that the houseboat was not upon a public street or thoroughfare, but was upon the beach or strand between the thoroughfare and the water, then the houseboat was not such a public nuisance that the town authorities would have the right to summarily remove.

[8] If you should find that the houseboat was located on a public street or highway and was a public nuisance, while the

town authorities would have the right to summarily abate the nuisance, yet in doing so it would be incumbent upon them to exercise reasonable care and avoid doing unnecessary damage to plaintiff's property. And for any unnecessary damage done in the removal the town authorities would be liable.

[9, 10] Though an incorporated town may have the power conferred on it by the Legislature, to prevent and abate nuisances, this will not justify an abatement of a thing as a nuisance when in fact it is not one. A nuisance must in fact exist before it can be abated, and if you should find in his favor for personal injuries, your verdict should in that regard be for such a sum as would reasonably compensate him for any pain and suffering resulting from the removal of the houseboat and for any expenditures of money made by him for medicine and medical treatment for such injuries.

[11] For you to find for the plaintiff for personal injuries you must first find that he was injured and second that he was injured in the manner alleged in his declaration.

[12] Your verdict should be for that party in whose favor the evidence preponderates.

Verdict for defendant.